**Angel CLAUDIO, Petitioner,**

v.

**Charles SCULLY, Superintendent Greenhaven Correctional Facility, et al., Respondents.**

**No. 89 CV 3410 (ERK).**

United States District Court, E.D. New York.

Jan. 5, 1994.

---

William E. Hellerstein, Proskauer, Rose, Goetz & Mendelsohn, New York City, for petitioner.

Richard Brown, Dist. Atty., Queens County, Kew Gardens, NY, for respondents.

### MEMORANDUM AND ORDER

KORMAN, District Judge.

On April 30, 1992, petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied. *Claudio v. Scully,* 791 F.Supp. 985 (E.D.N.Y.1992). One of the grounds for relief asserted by petitioner was that his lawyer had foolishly advised him to submit to interrogation and to confess to a murder that petitioner was only suspected of having committed. Under New York law, petitioner argued, he was entitled to the effective assistance of counsel at the time he confessed and that the denial of this right required the suppression of his confession.

While this state law claim could not provide a basis for habeas corpus relief, petitioner argued that he was also deprived of his Sixth Amendment right to the effective assistance of counsel because of the failure of his subsequently assigned counsel to rely on New York law during the pretrial and appellate proceedings relating to the suppression of his confession. This claim was rejected on the ground that petitioner could not meet his burden of demonstrating that this neglected claim would have had a reasonable probability of success if it had been properly raised. "On the contrary", it was concluded, "it seems clear that the suppression of petitioner's confession was not required by New York law." 791 F.Supp. at 989.

The Court of Appeals for the Second Circuit, over the dissenting opinion of Chief Judge Newman, disagreed with this assessment of New York law and concluded "that there was a reasonable probability" that petitioner would have succeeded if his assigned counsel had asserted that the suppression of his confession was required by Article I, § 6 of the New York State Constitution. *Claudio v. Scully,* 982 F.2d 798, 805 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2347, 124 L.Ed.2d 256 (1992). Instead of granting the writ unconditionally, however, the Court of Appeals chose the salutary alternative of reversing the order denying the petition and remanding the case "with directions to grant the petition, unless the state affords Claudio an opportunity to present the Article I, § 6 state law claim to the New York Court of Appeals ..." *Id.* at 806.

Because such an opportunity was afforded petitioner and because the New York Court of Appeals held unanimously that the suppression of petitioner's confession was not required by Article I, § 6, *People v. Claudio,* 83 N.Y.2d 76, 607 N.Y.S.2d 912, 629 N.E.2d 384 (1993), the Clerk is directed to reinstate the original judgment denying petitioner's application for a writ of habeas corpus.

SO ORDERED.